ANTONGIORGI, DEMANDANTE, APELANTE Y APELADA, *v.* ANTONGIORGI ET AL., DEMANDADAS, APELADAS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre nulidad de transacción y otros extremos.

No. 2139.—Resuelto en julio 30, 1920.

TRANSACCIÓN NULA—FILIACIÓN Y PETICIÓN DE HERENCIA—CAUSA ILÍCITA.—La transacción de un pleito de filiación aprobada por la corte en virtud de la cual la demandada entregó a la menor demandante cierta suma de dinero

obligándose ésta por medio de su representante legal a dar por terminada su reclamación, es nula por afectar al estado civil de la demandante, sobre el cual no se puede transigir; y no puede sostenerse que sería válida en .cuanto a la petición de herencia, pués dicha transacción no contiene varias estipulaciones independientes entre sí, sino que es un todo indivisible. Cuando un contrato contiene varias estipulaciones que sean independientes, valdrán las que tuvieren causa lícita y en caso contrario no valdrá ninguna por la relación que las subordine mutuamente.

ID.—RESTITUCIÓN DEL PRECIO RECIBIDO POR EL MENOR INCAPAZ—ENRIQUECIMIENTO DEL MENOR—COLACIÓN.—Siendo menor la demandante cuando pactó, representada por su madre natural, la transacción sobre filiación que se declaró nula, es errónea la sentencia que al declarar con lugar su demanda de reconocimiento de hija natural ordena se colacione en la parte de su herencia, el precio recibido por virtud de la transacción, no habiendo probado la demandada que la menor se enriqueciera con dicho precio.

ID.—FILIACIÓN—HERENCIA.—El hijo natural tiene derecho a la herencia de su padre desde el momento de la muerte de éste y a esa fecha deben retrotraerse los efectos de la sentencia otorgándole el reconocimiento.

Los hechos están expresados en la opinión.

Abogados de los demandados apelantes: *Sres. López de Tord, Zayas Pizarro y A. F. Castro.*

Abogado de la demandante apelante: *Sr. E. Flores Colón.*

EL JUEZ PRESIDENTE SR. HERNÁNDEZ, emitió la opinión del tribunal.

José Francisco Acosta, conocido por Francisco Antongiorgi, y Ramona Montalvo y Martínez, representando a su hija menor María Luciana Montalvo, conocida por Luz María Antongiorgi, presentaron una demanda ante la Corte de Distrito de Ponce en mayo 19, 1909, contra María Eugenia Micaela Antongiorgi y Olivieri, como heredera de Pedro Juan Antongiorgi y Paoli, en reclamación de herencia, bajo la alegación de ser hijos naturales reconocidos de Pedro Juan Antongiorgi y Paoli.

A la anterior demanda opuso la demandada entre otras excepciones la de indebida acumulación de acciones, habiendo quedado después en el pleito como única parte demandante Luz María Antongiorgi, representada por su madre, la que radicó demanda enmendada en 9 de septiembre del mismo año, en la que alegando los hechos determinantes de su filiación como hija natural de Pedro Juan Antongiorgi y Paoli,

ya fallecido, suplicó se declarara por sentencia que "la demandante María Luciana Montalvo, conocida familiarmente por Luz María Antongiorgi, es hija natural reconocida de don Pedro Juan Antongiorgi y Paoli y en su consecuencia tiene derecho a llevar el apellido de éste, con las demás prescripciones que establecen las leyes para los hijos naturales reconocidos." Dicha demanda enmendada lleva por título "Acción de filiación."

La demandada notificó a la demandante una oferta de transacción con la que la demandante estuvo conforme, y cuyo texto literal es el siguiente:

"CONVENIO.—La demandada María Eugenia Micaela Antongiorgi y Olivieri, por su abogado don Nemesio R. Canales, propone a la demandante el siguiente convenio: 1. María Eugenia Micaela Antongiorgi y Olivieri entregará a la menor demandante en este mismo día y en dinero efectivo la suma de $2,600. 2. Dicha menor demandante por medio de su representante dará por terminada su reclamación, solicitando únicamente de la corte que se dicte sentencia por la corte por la suma ya expresada. 3. Las costas del pleito serán sin especial condenación de costas.—Ponce, P. R., septiembre 14, 1919.—(f) López de Tord & Canales, abogados de la demandada."

En el mismo día dicha proposición de convenio fué notificada a la demandante, la que manifestó estar conforme por conducto de su abogado Gustavo Rodríguez, y en el propio día la demandante presentó dos mociones a la corte, una de ellas para que impartiera su aprobación a la transacción propuesta por la demandante, autorizando los términos y condiciones de la misma, y la otra para que dictara sentencia en el pleito que titulaba acción de filiación y reclamación de herencia, condenando a la demandada a que pague a la demandante la suma de $2,600, y que las costas sean sin especial condenación.

La corte dictó sentencia en la repetida fecha, 14 de septiembre de 1909, por la que "imparte su autorización para que Ramona Montalvo y Martínez pueda a nombre de la menor María Luciana Montalvo, conocida por Luz María

Antongiorgi, aceptar la transacción propuesta por el demandado y en su consecuencia se condena a la sucesión demandada a satisfacer a la demandante la suma de $2,600, sin especial condenación de costas.''

Por escritura otorgada también en 14 de septiembre de 1909 Ramona Montalvo y Martínez en representación de su menor hija María Luciana Montalvo, otorgó a favor de María Eugenia Micaela Antongiorgi y Olivieri carta de pago de la suma de $2,600 que recibió la Montalvo a presencia del notario y de los dos testigos instrumentales, dando así por cumplida en todas sus partes y sin reserva de ningún género la sentencia dictada por la corte en el pleito que dijo había entablado contra María Eugenia Micaela Antongiorgi y Olivieri sobre reclamación de la porción hereditaria que correspondía a su menor hija por fallecimiento de Pedro Juan Antongiorgi y Paoli.

Los hechos expuestos han dado lugar a que la demandante Luz María Antongiorgi, en septiembre de 1917, ya mayor de edad y de estado casada, presentara, asistida de su esposo, Víctor R. Ortiz, demanda enmendada a la Corte de Distrito de Ponce en la que alegando la nulidad de la transacción de que se deja hecho mérito por haber versado sobre la filiación o estado civil de la demandante, en su carácter de hija natural reconocida de Pedro Juan Antongiorgi y Paoli, determinado por actos de éste, y su calidad de heredera en concepto de tal hija natural, suplica se dicte sentencia declarando nula y sin ningún valor la transacción llevada a cabo en el pleito seguido por Ramona Montalvo contra la demandada en el pleito de filiación, por no ser transigible el estado civil; que es nula dicha transacción por no tener la corte jurisdicción para aprobarla en la forma en que se aprobó; que declare a la demandante hija natural de Pedro Juan Antongiorgi, con derecho a usar su apellido; que declare que la demandante tiene derecho a una tercera parte de los bienes muebles e inmuebles que quedaron al fallecimiento de Pedro

Juan Antongiorgi; que se condene a la demandada a rendir cuenta de todos los frutos, productos y utilidades de los bienes de la herencia de Pedro Juan Antongiorgi, y que en todo caso se condene a la demandada en costas, gastos, desembolsos y honorarios de abogado.

La demandada contestó la demanda y suplicó se declarara sin lugar en todas sus partes condenando a la demandante en costas, gastos y desembolsos, incluyendo honorarios de abogado, y la corte dictó sentencia en 15 de mayo de 1919 declarando nula la transacción llevada a cabo en el pleito seguido por Ramona Montalvo contra la demandada, sobre filiación; declarando a la demandante Luz María Antongiorgi hija natural reconocida de Pedro Juan Antongiorgi, con derecho a usar su apellido y a recibir una tercera parte de los bienes muebles e inmuebles que quedaron al fallecimiento de Pedro Juan Antongiorgi, pero colacionándose en su herencia la suma de $2,600 recibidos por la madre de la demandante como consecuencia de la transacción celebrada en el año 1909; y ordenando además a la demandada que entregue a la demandante la mencionada porción hereditaria, haciendo la colación indicada, todo sin especial condenación de costas, desembolsos y honorarios de abogado.

En la misma fecha de la sentencia, la demandante presentó moción a la corte para que la modificara en el sentido de que es parte de la herencia la suma de $5,000 ya recibidos por la demandada como frutos y rentas y que ésta rinda cuentas de los frutos y productos de los bienes desde que se radicó la demanda.

La corte desestimó dicha moción por resolución de 3 de junio de 1919, por entender que el derecho de un hijo natural reconocido por sentencia en lo que respecta a su participación hereditaria, nace desde la fecha de la sentencia de filiación y no antes.

Contra la sentencia pronunciada en cuanto ordena se colacione lo recibido por la madre de la demandante y también

contra la resolución denegatoria de modificación interpuso la demandante recurso de apelación para ante esta Corte Suprema, habiendo interpuesto igual recurso contra la sentencia la parte demandada.

Para el mejor orden en la resolución de las cuestiones legales propuestas, examinaremos primeramente el recurso de la parte demandada y después el de la demandante.

Funda únicamente su recurso la demandada-apelante, en que la corte inferior incurrió en error al estimar que la transacción habida en el pleito transigido versó sobre la filiación o estado civil de la demandante y al estimar nula dicha transacción en cuanto a los derechos de la demandante sobre la herencia de su padre natural Pedro Juan Antongiorgi y Paoli. La demandada entiende que no hubo transacción sobre la filiación o estado civil de la demandante, sino sobre los derechos de la misma en cuanto a la herencia de su padre natural.

Según el artículo 1711 del Código Civil, la transacción es un contrato por el cual las partes, dando, prometiendo o reteniendo cada una alguna cosa, evitan la provocación de un pleito o ponen término al que había comenzado.

Ramona Montalvo, en representación de su entonces menor hija, Luz María Antongiorgi, inició en el año 1909 una demanda contra María Eugenia Micaela Antongiorgi y Olivieri, como heredera de Pedro Juan Antongiorgi, e indudablemente la demandante y la demandada quisieron poner término a dicho pleito mediante transacción.

Para apreciar cual fuera la materia litigiosa transigida, debemos examinar las alegaciones de la demanda que originó dicho pleito. Esa demanda contiene únicamente seis alegaciones. La alegación primera se contrae al nacimiento de la demandante en 10 de agosto de 1895 como consecuencia de la unión carnal entre Pedro Juan Antongiorgi y Ramona Montalvo. La alegación segunda a actos de reconocimiento del padre. La tercera a que los padres de la menor no

tenían impedimento para casarse. La alegación cuarta al fallecimiento del presunto padre natural. La alegación quinta a la negativa de la hija legítima del padre fallecido a reconocer a la demandante; y la alegación sexta a que la demandante se encuentra bajo la patria potestad de su madre natural. Tales alegaciones determinan una acción de filiación o más bien de reconocimiento de filiación con los derechos consiguientes a dicho reconocimiento, que son los especificados en el artículo 195 del Código Civil según quedó enmendado por la ley de 9 de marzo de 1911, cuyo artículo reza así:

"Art. 195.—El hijo natural tiene derecho:

"1. A llevar el apellido del que lo reconoce.

"2. A recibir.alimentos del mismo.

"3. A percibir la porción hereditaria que determina este Código."

De modo que la acción ejercitada no puede estimarse exclusivamente de filiación, sino comprensiva además de los derechos expresados, siendo no solamente la filiación sino también esos derechos la materia del pleito, al que se propusieron dar fin ambas partes demandante y demandada.

La misma naturaleza de la transacción según la define el Código Civil exige que la transacción de que se trata comprendiera no solamente la acción de reconocimiento sino también los derechos accesorios que eran consecuencia necesaria del reconocimiento y por esa razón la transacción estipulada y aceptada por ambas partes afectaba no sólo a la acción de reconocimiento sino también al derecho que con motivo del reconocimiento tuviera la demandante a la herencia de su padre natural. No hubo exclusivamente transacción sobre la acción de reconocimiento como pretende la representación de Luz María Antongiorgi ni tampoco transacción exclusiva sobre derechos hereditarios de Luz María Antongiorgi, como pretende la representación de María Eugenia Micaela Antongiorgi y Olivieri, sino que la transacción abrazaba filiación y derechos hereditarios y todo lo demás necesario a la acción

de filiación. Esa fué la intención de las partes claramente establecida en el convenio en el cual se estipuló que la menor demandante por medio de su representante legal daría por terminada su reclamación, solicitando únicamente de la corte que se dictara sentencia en contra de la demandada por la suma de $2,600. La reclamación no hubiera quedado terminada si la transacción hubiera afectado únicamente a los derechos hereditarios y no a su condición de hija natural.

La sentencia del juez con motivo del convenio guardó congruencia con éste, condenando a la demandada a pagar a la demandante la suma de $2,600 sin especial condenación de costas, y dicha sentencia quedó cumplida en todas sus partes mediante la carta de pago otorgada por escritura de 14 de septiembre de 1909. Y así lo entendieron las partes, dejando la demandante de practicar gestiones en el pleito y dejando la demandada de solicitar el desestimiento de la demanda por abandono del caso. La transacción fué nula porque afectaba no sólo a los derechos hereditarios de la demandante con relación a su padre sino también a su filiación natural, y no se puede transigir sobre el estado civil de las personas, según el artículo 1715 del Código Civil.

Y no cabe sostener, como pretende la parte demandada, que la transacción sería nula en cuanto a la filiación y válida en cuanto a la petición de herencia, pues dicha transacción no contiene varias estipulaciones independientes entre sí sino que es única e indivisible; y, como dice Manresa, "si el contrato tiene varias estipulaciones que sean independientes valdrán las que tuvieren causa lícita y en caso contrario no valdrá ninguna por la relación que las subordine mutuamente." 8 Manresa 687, 2ª. edición.

Pasemos ahora a examinar el recurso interpuesto por la parte demandante, cuya representación alega como motivos de su recurso los siguientes:

1°. Que la corte cometió error al declarar que se le imputaran en la herencia de la demandante los $2,600 entregados

a su madre como transacción del pleito llevada a cabo en el año de 1909 y que la Corte de Distrito de Ponce anuló por su sentencia dictada en el presente caso.

2°. Que la corte cometió error al declarar que el hijo natural tiene derecho en la herencia de su padre desde que la corte dicta sentencia reconociéndolo y no desde la muerte del causante.

Es de notar que la demandante-apelante en su escrito de asignación de errores sostiene el primer motivo del recurso por la razón de que la demandada en su contestación no solicitó por contrademanda o reconvención o en ninguna otra forma remedio alguno ni pidió que se le devolvieran los $2,600 entregados a la demandante, ni siquiera de la prueba aparece tal solicitud, entendiendo por tanto que la corte obró sin jurisdicción y sin poder para ello al conceder a la demandante una cosa que ni se había alegado, ni pedido, ni probado; pero posteriormente la misma demandante, en contestación al alegato de la demandada, invoca el artículo 1271 del Código Civil, en virtud del cual sostiene la improcedencia de la colación ordenada, suplicando la confirmación de la sentencia apelada con modificación en el sentido de eliminar de ella lo relativo a la colación de los $2,600 y adicionándola con el pronunciamiento de que la demandada deberá rendir cuenta de los bienes de la herencia de que tomó posesión a la otra heredera hija natural desde el fallecimiento del causante de ambas.

Entendemos que estando como estaba sometida a la jurisdicción de la corte la nulidad de la transacción, al decretar dicha nulidad tenía también jurisdicción para resolver sobre las consecuencias de la nulidad lo que procediera en derecho. Para regular esas consecuencias era de aplicación el artículo 1271 del Código Civil, que dice:

"Cuando la nulidad proceda de la incapacidad de uno de los contratantes no está obligado el incapaz a restituir sino en cuanto se enriqueció con la cosa o precio que recibiera."

Luz María Antongiorgi era incapaz por su menor edad para contratar y por tanto no está obligada a restituir la suma recibida toda vez que la parte demandada, a la que incumbía la prueba, no ha justificado que la demandante se enriqueciera con el precio de la transacción. Véanse nuestras decisiones en los casos de *Monge* v *Zechini,* 17 D. P. R. 769, y de *Lorenzi* v. *Parra,* de mayo 27, 1920, (pág. 509) con las sentencia del Tribunal Supremo de España de 22 de octubre de 1894, 21 de octubre de 1897 y 24 de junio de 1898.

Finalmente, los derechos hereditarios de Luz María Antongiorgi se causaron desde la muerte de su difunto padre natural Pedro Juan Antongiorgi, pues según el artículo 625 del Código Civil los derechos a la sucesión de una persona se transmiten desde el momento de su muerte y según el artículo 669 los herederos suceden al difunto por el solo hecho de su muerte en todos sus derechos y obligaciones. De acuerdo con las anteriores disposiciones la declaratoria de hija natural reconocida de la demandante, hecha por la sentencia apelada, cuyo pronunciamiento no ha sido impugnado en el recurso, debe retrotraerse a la fecha del fallecimiento de su padre natural y por tanto el recurso de la parte demandante y apelante se sostiene por los dos motivos legales que le sirven de fundamento.

Por las razones expuestas procede declarar sin lugar el recurso de apelación interpuesto por la' parte demandada y con lugar el interpuesto por la parte demandante, confirmándose la sentencia apelada menos en cuanto ordena se colacione en la herencia de la demandante al entregársele su porción hereditaria la suma de $2,600 recibidos por su madre natural como consecuencia de la transacción celebrada en el año 1909, pues en ese extremo debe revocarse, así como también debe revocarse la resolución apelada de 3 de junio de 1919 que denegó la rendición de cuentas a la demandante por la demandada, decretándose en su lugar que la demandada rendirá cuenta a la demandante de los frutos y pro-

ductos de los bienes hereditarios del común causante Pedro Juan Antongiorgi y Paoli, a contar desde el fallecimiento de éste.

> *Se declara sin lugar el recurso interpuesto por la parte demandada contra sentencia de mayo 15, 1919 y con lugar el recurso de la demandante contra la misma sentencia y la resolución de junio 3, 1919, confirmándose la sentencia en cuanto se refiere a la colación etc., pues en esto se revoca, así como también la dicha resolución que denegó la rendición de cuentas, disponiéndose en su lugar que ésta se lleve a efecto.*

Jueces concurrentes: Sres. Asociados Wolf, del Toro, Aldrey y Hutchison.