El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.

---

REYES, DEMANDANTE Y APELANTE, *v.* CABASSA, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Ponce en pleito sobre filiación y petición de herencia. Memorándum de costas y honorarios de abogado.

No. 2614.—Resuelto en enero 8, 1923.

FILIACIÓN Y RECLAMACIÓN DE HERENCIA—TRANSACCIÓN—COSTAS—HONORARIOS DE ABOGADO.—Transada con permiso de la corte la causa de acción de reclamación de herencia en un pleito en que en la primera causa de acción el menor reclamaba el reconocimiento de hijo, natural, y habiendo probado el demandado en el incidente sobre memorándum de costas que con los $5,000 que pagó por transacción quedó relevado de toda responsabilidad por razón del pleito, es preciso concluir que igualmente quedó relevado del pago de honorarios de abogado que le reclama el demandante en dicho memorándum radicado para hacer efectiva la sentencia que declaró con lugar la demanda en cuanto a la filiación, y condenó al demandado al pago de costas.

Los hechos están expresados en la opinión.

Abogado de la apelante: *Sr. L. Tormes.*

Abogado del apelado: *Sr. J. Tous Soto.*

EL JUEZ ASOCIADO SR. ALDREY, emitió la opinión del tribunal.

Terminado este pleito por sentencia que impuso las costas a los demandados, la parte demandante presentó su memorándum de costas en el que figuran partidas por gastos en la secretaría del tribunal, por testigos y $5,000 por honorarios de abogado. El demandado Jacobo L. Cabassa lo impugnó en su totalidad y especialmente el derecho a percibir honorarios de abogado, por haber sido satisfechos, pero la corte aprobó las partidas reclamadas con excepción de los $5,000 de honorarios de abogado cuya cantidad fijó en $25, como nominales. Contra esta resolución interpuso la parte

demandante este recurso de apelación en cuanto le niega dichos $5,000.

El pleito fué establecido por Carmen Reyes como madre con patria potestad sobre su hijo menor de edad no emancipado, Jaime Leopoldo Reyes, está dirigido contra la sucesión de Leopoldo Cabassa Pica compuesta por sus tres hijos y una nieta menor de edad, representada por su madre, y en él se ejercitan las acciones de filiación y de reclamación de herencia. Fué anotada la rebeldía de los demandados con excepción de Jacobo L. Cabassa, quien compareció y, después de varias alegaciones, contestó la demanda.

Antes del juicio fué autorizada Carmen Reyes por la corte de distrito para que en nombre de su hijo menor de edad no emancipado, Jaime Leopoldo Reyes, celebrase una transacción con Jacobo L. Cabassa por $5,000 sobre la causa de acción a que se refiere la petición de la herencia que a dicho menor pueda corresponder en su carácter de hijo natural reconocido de Leopoldo Cabassa Pica, y para que de ella satisfaga $2,500 al abogado Leopoldo Tormes por sus honorarios profesionales prestados en el pleito de filiación, a virtud de un contrato que tenía con la demandante por el que recibiría el 50 por ciento de lo que se obtuviera por herencia en dicho pleito. Como consecuencia de esa autorización se otorgó una escritura pública de transacción entre Carmen Reyes y Jacobo L. Cabassa, como heredero de Leopoldo L. Cabassa Pica y como cesionario de sus dos hermanos herederos también, en cuanto a la acción de petición de herencia, por la que la demandante se apartaba y desistía de esa causa de acción en consideración a la cantidad de $5,000 entregados por Cabassa. De esa cantidad recibió el abogado Leopoldo Tormes $2,500 y la demandante desistió en el pleito de la segunda causa de acción, celebrándose después el juicio sin asistencia de los demandados y recayendo sentencia que declaró con lugar la demanda en cuanto a la primera causa de acción, con las costas a los demandados.

En el incidente sobre el memorándum de costas se presentó la escritura de transacción y prueba testifical tendente a demostrar que con los $5,000 entregados por Cabassa quedaba éste relevado de todo pago posterior por razón del pleito, y la corte, por el resultado de la prueba, estimó que los honorarios de abogado del pleito de filiación fueron parte de la transacción y que el pago por el demandado Cabassa de dichos $5,000 comprendió toda suma de dinero que estaba obligado a satisfacer a la demandante como consecuencia del pleito, por lo que declaró que la demandante tiene derecho únicamente a honorarios nominales, que fijó en $25.

Como es la parte demandante quien apeló la resolución de la corte en cuanto le perjudica por haber rebajado a $25 la cantidad que reclama por honorarios de su abogado, la cuestión a decidir es si a pesar de existir una sentencia que condena en costas a los demandados no está obligado el demandado Cabassa a satisfacer los honorarios de abogado de la demandante por haber probado que con los $5,000 que pagó como transacción quedó relevado de toda otra responsabilidad por razón del pleito y, por tanto, del pago de dichos honorarios. La corte inferior así lo estimó por el resultado de la prueba y nosotros estamos conformes con su conclusión. Es cierto que la apelante sostiene ahora que no eran admisibles las declaraciones de los testigos para demostrar el alcance de la transacción porque los términos de ésta constan en escritura pública, pero no tenemos que resolver esta cuestión porque la demandante permitió que tal prueba fuera presentada sin su oposición.

También es cierto que sólo fué transada la segunda causa de acción referente a la participación hereditaria del menor y que el pleito fué a juicio por la primera causa de acción, pero la transacción en cuanto a la cuantía hereditaria del menor demandante no sólo implicaba el reconocimiento tácito por Jacobo L. Cabassa de la cualidad de aquél como hijo natural reconocido de Leopoldo Cabassa Pica, pues sin ella no

le hubiera reconocido derecho en la herencia, sino que según resulta de la prueba sólo se consignó la transacción en cuanto a la segunda causa de acción por la duda de que no pudiera ser válida la transacción de la acción de filiación referente al estado civil del demandante, a tal punto que después de la transacción efectuada el apelado no compareció a tomar parte en la prueba de la primera causa de acción. Por otra parte, la transacción pone término al pleito comenzado y, por tanto, al pagar Cabassa por ese concepto la cantidad de $5,000 tuvo que ser como término a toda clase de reclamación por dicho pleito y, por consiguiente, quedó relevado del pago de toda clase de costas; pero como esta apelación ha sido interpuesta por la demandante y no debemos empeorar su situación, confirmaremos la sentencia apelada en la forma que fué dictada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Wolf y Hutchison.

El Juez Asociado Sr. Franco Soto no intervino en la resolución de este caso.