GERMANA PAGÁN, demandante y apelante, *v.* SUCN. DE JUAN ASENCIO PADILLA, demandada y apelada.

No. 5387.—*Sometido:* Junio 12, 1931. *Resuelto:* Diciembre 24, 1931.

*Pascasio Fajardo,* abogado de la apelante; *Miguel A. García Méndez,* abogado de la apelada.

EL JUEZ ASOCIADO SEÑOR HUTCHISON, emitió la opinión del tribunal.

La transacción, conforme la define el artículo 1711 del Código Civil, "es un contrato por el cual las partes, dando, prometiendo o reteniendo cada una alguna cosa, evitan la provocación de un pleito o ponen término al que había comenzado."

El artículo 1715 dispone que "no se puede transigir sobre el estado civil de las personas . . ."

■■ Un pleito de filiación no puede ser objeto de una transacción. *Antongiorgi* v. *Antongiorgi,* 28 D.P.R. 869.

En un pleito de filiación los abogados de las partes respectivas radicaron un documento titulado "Autorización Judicial para Transigir," que lee como sigue:

"A la Hon. Corte:

"Comparecen ahora la demandante, representada por su defensor *ad litem* José Pagán, y éste a su vez por los abogados Benet & Souffront, y los demandados por los suyos, Angel A. Vázquez, Nazario & García y Alemañy & Ramírez, y a esa Hon. Corte respetuosamente exponen y solicitan:

"1. Que demandante y demandados han acordado dejar definitivamente transado el presente litigio, previo allanamiento de los demandados a la solicitud informada en la demanda de la actora en cuanto a que se declare a la demandante Germana Pagán hija natural del causante don Juan Asencio Padilla con el derecho a usar del apellido de dicho causante y previa solicitud además de que se dé por eliminada la contestación a la demanda enmendada obrante en los autos del presente caso, de acuerdo con las cláusulas siguientes:

"A.—La parte demandada consiente en que se dicte sentencia, y la parte demandante acepta, en cuanto a sus derechos y acciones en los bienes que constituyen el caudal hereditario relicto al fallecimiento del expresado causante don Juan Asencio Padilla, por la suma de mil doscientos dólares ($1,200), la cual suma será depositada inmediatamente en la Secretaría de esta Hon. Corte, y en dinero efectivo.

"B.—En consideración al recibo de la expresada cantidad, la demandante se da por satisfecha en absoluto de la participación que

le correspondería en los bienes del caudal hereditario del repetido Juan Asencio Padilla.

"II.—Alega además la parte demandante que dicha transacción es útil y conveniente para la menor demandante, y necesaria en absoluto por los siguientes fundamentos:

"(1)—Porque en el caso de no prosperar la demanda de autos, que ahora queda resuelta a su favor por el allanamiento de la parte demandada por cualquier circunstancia, como deficiencia de la prueba y otra semejante, la demandante no percibiría un solo centavo de la herencia de su pretendido padre natural, al par que mediante la presente transacción asegura la cantidad que se le ofrece de modo definitivo y concluyente.

"(2) Que dicha transacción es útil, necesaria y beneficiosa además para los intereses de la menor demandante, porque la dilación en la tramitación del presente pleito, extendida con la apelación de los demandados aun en el caso hipotético de que se obtuviere sentencia declarando con lugar la demanda en esta Corte, y los consiguientes litigios en relación con la definitiva tasación del caudal relicto, harían que se recibiera por la demandante tan tardíamente una suma no mucho mayor que la que por medio de esta transacción recibe, que sus derechos se convertirían en casi ilusorios con una suma así recibida, teniendo en cuenta además los beneficios que dejaría de obtener con la colocación a interés o en otro negocio alguno con la cantidad que desde ahora se le entrega.

"En virtud de los hechos expuestos, ambas partes comparecientes solicitan de esa Hon. Corte que, una vez corridos los trámites de ley, se sirva dictar sentencia declarando con lugar la presente petición sobre autorización judicial para transigir, concediendo y otorgando dicha autorización judicial para transigir solicitada por el defensor *ad litem* de la menor demandante, por razones de utilidad y necesidad, aprobando y confirmando en todas sus partes lo estipulado en dicha transacción, y en su consecuencia decretando el archivo definitivo del pleito de autos, todo sin especial condenación de costas."

Las minutas de la corte de distrito contienen el siguiente asiento:

"Enero 15 de 1926.

"La Corte aprueba la transacción verificada entre las partes autorizando a José Pagán como defensor de la menor Germana Pagán, para llevarla a efecto, percibiendo dicha menor $800, y los aboga-

dos de la misma $400, con cuya transacción estuvo conforme el Fiscal.''

En enero de 1927 otro abogado, en representación de la demandante y de su defensor *ad litem,* radicó una moción en la cual se alegaba que como resultado de la estipulación arriba mencionada se había dictado sentencia a virtud de la cual se declaró a la demandante hija natural reconocida de Juan Asencio Padilla y que en ratificación de la ameritada estipulación los $1,200 fueron depositados en la corte, $800 en efectivo y $400 en un pagaré (describiéndolo); y que dicha sentencia nunca había sido inscrita en el registro de sentencias. En esta moción se solicitaba se dictara una resolución ordenando al secretario que transcribiera dicha sentencia *nunc pro tunc* en el registro de sentencias.

La corte de distrito declaró a Germana Pagán hija natural reconocida de Juan Asencio Padilla, con derecho a llevar su apellido y ordenó al secretario que registrara una sentencia de conformidad con los términos de tal decreto.

Germana Pagán ahora instituye otro procedimiento y solicita se dicte sentencia decretando: que la transacción era nula y sin ningún valor; que ella es la hija natural reconocida de Juan Ascencio Padilla con derecho a usar su apellido y los demás privilegios que cobija tal reconocimiento; que ella tiene derecho a una participación ascendente a la mitad de lo que correspondió a cada uno de los hijos legítimos de Padilla; y que se ordene a los demandados a rendir cuenta de los frutos, productos y utilidades de los bienes de la herencia a partir de la fecha del fallecimiento de Padilla, a entregarle su participación en la herencia y a pagar todas las costas, gastos, desembolsos y honorarios de abogado.

La corte de distrito dictó sentencia a favor de la demandante por la segunda causa de acción, es decir, estableciendo el estado civil de ella como hija natural reconocida. Desestimó la acción en lo que a las causas primera y tercera se refería, o sea, en lo relativo a la nulidad de la transacción

anterior y al supuesto derecho de la demandante a su porción estatutoria de los bienes dejados por Padilla. La demandante apela de estos pronunciamientos adversos.

Los apelados descansan en *Ex parte Santiago,* 21 D.P.R. 377, y *Reyes* v. *Cabassa,* 31 D.P.R. 331.

En el caso de *Reyes* v. *Cabassa* el interés del abogado de la demandante (bajo un contrato sobre honorarios sujetos al resultado del litigio) en la reclamación de la parte demandante de una herencia, había sido incluído en una transacción de dicha reclamación. El juez de distrito al autorizar la transacción había ordenado a la demandante que pagara a su abogado la mitad de la suma a recibir por ella. La acción de la cual surgió la reclamación fué, como de costumbre, una acción mixta de filiación y de reclamación de herencia. La prueba reveló que el demandado, de conformidad con los términos de la transacción, había sido relevado de toda responsabilidad pecuniaria ulterior. La doctrina del caso es que bajo tales circunstancias una partida para honorarios de abogado incluída en un memorándum de costas después de dictada sentencia en un pleito de filiación, no debe ser concedida. El caso no es una autoridad para la proposición de que un pleito de filiación puede ser transigido mediante cualquier contrato o convenio celebrado entre las partes.

En el caso de *Ex parte Santiago* la transacción contenía la siguiente cláusula:

"VI.—Respecto de la primera causa de acción sobre filiación, ejercitada en la demanda enmendada, no se propone transacción alguna, por tratarse ahí del estado civil de la parte actora, limitándose esta transacción a las consecuencias económicas que pueden nacer de la filiación reclamada, o sea, a la segunda causa de acción sobre petición de herencia; quedando en consecuencia, dicha primera causa de acción sobre filiación, sujeta a lo que por la correspondiente sentencia resuelva la Hon. Corte."

En el contrato que tenemos ahora bajo nuestra consideración no se puso una cláusula similar. Este se basa y tiene

por condición el retiro de la contestación de los demandados y la aquiescencia de éstos a la súplica de la demandante de que se dictara un decreto estableciendo su derecho como hija natural a llevar el apellido Padilla.

En el caso de Santiago no había duda respecto a la intención de las partes de excluir el pleito de filiación propiamente dicho del convenio sobre transacción. Allí la cuestión era si esto podía hacerse o no, y no si se había hecho o no. La parte principal de la opinión puede hallarse en el siguiente párrafo:

"Estamos conformes con el Fiscal apelante en que las dos acciones ejercitadas en los cuatro pleitos de referencia están tan íntimamente relacionadas, que difícilmente pueden separarse la una de la otra. Esto no obstante, atendidas las circunstancias concurrentes, opinamos que debe confirmarse la sentencia apelada."

En el presente caso la cuestión es si la intención de las partes fué terminar el pleito de filiación mediante una transacción, y no si ellos podían haber excluído la cuestión del estado civil de la demandante a virtud de algún otro convenio. Oscar Souffront, quien era originalmente uno de los abogados de la demandante, ocupó la silla testifical como testigo de los demandados y dió como una de sus razones que él tenía alguna duda respecto al resultado final del pleito de filiación. El haberse terminado el pleito de filiación mediante la aquiescencia de los demandados, se aduce como un hecho en la exposición de motivos por los cuales la transacción debía considerarse beneficiosa, conveniente y necesaria para la demandante. Uno de los supuestos motivos era que la demadante de ningún modo recibiría mucho más de los $1,200 ofrecídosle como transacción de su pleito.

Prueba documental aducida durante el juicio tendía a demostrar que la demandante, de haber proseguido su pleito original hasta un final fructuoso, en vez de aceptar una transacción, hubiera recibido varios miles de dólares. La contención del apelante, fundada en esta prueba, es que ella

hubiese recibido $7,178.61. Los demandados, mediante el pago de $1,200 y retirando su contestación, evitaron el riesgo de ser compelidos a pagar una suma mucho mayor. El haber retirado la contestación y la aquiescencia de los demandados a la súplica de la demandante para que se dictara una sentencia estableciendo su *status* como hija natural reconocida, eran tan parte de la causa (*consideration*) para que la demandante aceptara la transacción, como el pago de los $1,200. En cambio de los $1,200, de retirar la demanda y de la aquiescencia en la reclamación de la demandante a que se decretara su *status* de hija natural reconocida, la demandante abandonó su derecho a todas las ventajas y beneficios pecuniarios incidentales a ese *status* en exceso de la suma de $1,200. La diferencia entre los $1,200 y el valor material de la participación de la demandante en la herencia de su padre fué el precio que la demandante pagó por el reconocimiento inmediato de su derecho a llevar el apellido de su padre y a eliminar alguna demora y quizá algún riesgo en cuanto al resultado final del pleito.

El fin claro de las partes, según se dice en la cláusula inicial del convenio, fué terminar el litigio que entonces estaba pendiente. Fué tan sólo debido a la prohibición contenida en el artículo 1715 que ellos no lograron obtener ese resultado. Al igual que en el caso de *Antongiorgi* v. *Antongiorgi et al.*, 28 D.P.R. 869, el convenio era un todo indivisible. Era enteramente contrario a la prohibición estatutoria y por consiguiente írrito y nulo.

■■ La corte de distrito resolvió que la demandante, al solicitar se ordenara al secretario que transcribiera la sentencia dictada en el pleito original, había ratificado la transacción anterior y que, habiendo así aceptado el beneficio de la aquiescencia de la parte demandada en la demanda radicada en tal pleito original, estaba impedida de negar la validez del convenio. Esta decisión está inmediatamente después de la conclusión de que el convenio de transacción se

refería solamente a la suma que la demandante debía recibir como participación en los bienes dejados por Padilla, y que ella no envolvía su estado civil. Ni la opinión de la corte de distrito ni el alegato de los apelados explica cómo la demandante al aceptar el beneficio de la aquiescencia de la demandada en la alegación que ella hacía de que se le reconociera su *status* de hija natural reconocida está impedida de negar la validez de un contrato del cual ellos dicen había sido excluída la cuestión de tal estado civil. El juez de distrito no resolvió y los apelados no sostienen que pueda surgir ninguna cuestión de impedimento (*estoppel*) de la aceptación de beneficios bajo un contrato que es contrario a la política y por consiguiente nulo.

Es ley familiar que una persona aceptando los beneficios derivados de un contrato puede estar impedida de atacar la existencia, validez y efecto de tal contrato. Una excepción bien reconocida a la regla es que ''cuando el contrato es nulo por ser contrario a la política pública, una persona que ha aceptado un beneficio bajo el mismo no estará impedida de defenderse de dicho contrato al tratarse de poner en vigor contra ella.'' 21 C. J. 1209, sec. 211. Tal contrato no puede convalidarse mediante ratificación ni por la doctrina de *estoppel*. 13 C. J. 506, secciones 452 y 453. Véase también 2 Scaevola 28, 31, 149 y 175.

*Debe revocarse la sentencia de la corte de distrito en tanto en cuanto se refiere a los pronunciamientos apelados, y devolverse el caso a la corte inferior para ulteriores procedimientos no incompatibles con esta opinión, todo sin especial pronunciamiento de costas.*