VALIENTE & COMPAÑÍA, peticionaria, *v.* CORTE DE DISTRITO DE BAYAMÓN, HON. FERNANDO GALLARDO DÍAZ, demandada; FRANCISCO OQUENDO, ET AL., interventores

Núm. 1705.—*Sometido:* Diciembre 10, 1947. *Resuelto:* Enero 15, 1948.

*Edelmiro Martínez Rivera* y *Luis Blanco Lugo,* abogados de la peticionaria; *Bauzá & Bauzá,* abogados de los interventores, querellantes en el pleito principal.

EL JUEZ ASOCIADO SEÑOR MARRERO emitió la opinión del tribunal.

Francisca Oquendo y otros radicaron ante la Corte Municipal de Toa Alta una querella sobre reclamación de salarios contra la aquí peticionaria Valiente & Cía. De una sentencia adversa apelaron los querellantes para ante la Corte de Distrito de Bayamón, donde, luego de una vista *de novo,* se condenó a la demandada a pagar determinadas cantidades. No conforme, Valiente & Compañía acudió ante nos con una solicitud de *certiorari* y librado el auto, el recurso ha quedado finalmente sometido a nuestra consideración.

La peticionaria insiste en que la sentencia dictada por la Corte de Distrito de Bayamón es errónea porque:

"(*a*) De la propia relación de hechos probados formulada por la corte inferior surge el hecho de que la mayor parte de la reclamación de los distintos obreros querellantes había prescrito por haber transcurrido con exceso a la fecha de su radicación el término prescriptivo de tres años . . . ya que dichos reclamantes habían abandonado su labor por un período considerable de tiempo en una industria que funciona continuamente, sin ofrecerse explicación alguna para ello, . . . . ." y

"(*b*) De la evidencia practicada por los propios querellantes resulta que varios reclamantes son mujeres casadas, y no surge de las alegaciones ni de la prueba que hayan comparecido representadas o asistidas por sus respectivos esposos. . . . ."

De los autos se desprende que la peticionaria suscitó repetidamente ante la corte inferior las dos cuestiones arriba expuestas y que si bien dicha corte declaró sin lugar la primera de ellas no resolvió en forma alguna la segunda.

En la relación de hechos y opinión enmendada dictadas por la corte de distrito con fecha 18 de abril de 1947 aparecen las distintas épocas trabajadas por todos y cada uno de los querellantes, pero no que algunas de las querellantes

fueran casadas. Sin embargo, es indiscutible que para resolver las dos cuestiones planteadas este Tribunal necesita la transcripción de evidencia, debidamente aprobada por la corte inferior.

La peticionaria acompañó con su petición de certiorari copia a carbón de parte de la transcripción de evidencia. Decimos "de parte" debido a que de la referida relación de hechos y opinión enmendada se desprende que con fecha 5 de diciembre de 1946 hubo una vista adicional ante el Juez Gallardo y la transcripción mencionada no incluye la evidencia aducida durante dicha vista. Esa transcripción de evidencia parcial está aparentemente suscrita por el taquígrafo que la preparó, mas la misma no ha sido aprobada por la corte inferior. En esas condiciones no puede tampoco ser tomada en consideración por nosotros.

A la peticionaria incumbía poner a este Tribunal en condiciones de resolver las cuestiones por ella planteadas y para ello debió elevar la transcripción de evidencia en su totalidad, debidamente aprobada por la corte inferior. No habiéndolo hecho así, debería anularse el auto expedido. Sin embargo, como se trata del certiorari especial provisto por la sección 12 de la Ley núm. 10 de 1917, Vol. II, pág. 217, según fué enmendada por la Ley núm. 17 de 1945, pág. 45, y este Tribunal hasta ahora no ha resuelto qué documentos específicos deben elevarse al expedirse un auto de esta naturaleza y, por otra parte, al librarse el auto en este caso específico no se hizo constar que debería traerse la transcripción de evidencia, se concede a la peticionaria Valiente & Compañía un término de 30 días para unir a este recurso la referida transcripción de evidencia en la forma arriba indicada. *Si así no lo hiciere, el auto expedido será anulado.*