AMERICAN COLONIAL BROADCASTING CORPORATION, ETC., peticionarios, *v.* TRIBUNAL SUPERIOR DE PUERTO RICO, SALA DE SAN JUAN, HON. A. D. MARCHAND PAZ, JUEZ, demandado; JULIO NÚÑEZ y LUIS NÚÑEZ, interventores.

*Número:* C-66-15          *Resuelto:* 7 de abril de 1967

---

[7] Los accionistas de ambas corporaciones son:

*Licorería Trigo, Inc.*

| Accionistas | Acciones |
|---|---|
| Juan Trigo-Orbeta | 100 |
| Benigo Trigo-Orbeta | 100 |
| Dionisio Trigo-Orbeta | 100 |

284

*Baragaño, Trías, Saldaña, Harris & Francis* y *José A. Cestero,*
abogados de los peticionarios; *Maldonado & Villanueva,* abogados de los interventores; *Manuel Janer Mendía* y *Mario
Morales Reyes,* abogados del Departamento del Trabajo.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR RAMÍREZ BAGES emitió la opinión del
Tribunal.

En un caso radicado por los interventores en contra de
los peticionarios se reclamó la suma de $33,157.32 por horas
extras trabajadas y no pagadas, vacaciones y despido sin
justa causa, además, una suma igual por concepto de liquidación de daños y perjuicios. En dicho caso se dictó sentencia basada en un escrito titulado "Estipulación" en que
las partes "luego de haber revisado . . . la prueba con que
cada una de ellas contaba, incluyendo libros, nóminas, récords, etc.," llegaron a la "conclusión" que los peticionarios
sólo adeudaban al interventor Julio Núñez $2,000 y al interventor Luis Núñez $1,000, por horas extras más la correspondiente penalidad, más $1,200 por concepto de honorarios
de abogado. Aproximadamente, diecisiete meses más tarde
los interventores iniciaron otra reclamación en contra de los
peticionarios por la suma de $57,268.40 por salarios regulares y horas extras y, además, una suma igual por concepto
de liquidación de daños y perjuicios.

Como defensa especial en la segunda reclamación, interpusieron los peticionarios la defensa de cosa juzgada.

Estando el caso listo para juicio, solicitaron los peticionarios que se considerara la defensa de cosa juzgada en
vista por separado, a lo que el tribunal accedió. En dicha
vista, y luego de las partes anunciar su prueba, el tribunal
inquirió sobre si se había notificado al Secretario de Trabajo
de la radicación de la primera querella de los interventores,

del escrito sobre estipulación y de la sentencia en dicho caso. Se estipuló que el referido funcionario no había sido notificado. Además, las partes convinieron en que existe la más perfecta identidad de partes y causa de acción entre las anteriores dos causas. El tribunal consideró inútil hacer desfilar la prueba prometida por lo que concedió a las partes término para radicar alegatos en apoyo de sus respectivas contenciones.

El tribunal de instancia dictó resolución declarando sin lugar la defensa de cosa juzgada y concluyó que "tanto el escrito llamado sobre 'estipulación', como la Sentencia dictada a su amparo, son nulas de su propia faz *et coram non judice."*

Se basó fundamentalmente este dictamen en que el escrito llamado sobre estipulación era en realidad un contrato de transacción y como tal ha de cumplir con lo dispuesto en el Art. 13 de la Ley Núm. 379 de 1948 (29 L.P.R.A. sec. 282). Como no se cumplió con lo dispuesto por dicho Art. 13, el contrato es nulo e ineficaz. Además, señaló el tribunal de instancia que el tribunal que consideró la primera reclamación "perdió su jurisdicción al dictar la sentencia amparada en un escrito que era nulo de su propia faz."

Dictaminó, además, el tribunal de instancia que no era aplicable al caso la doctrina de impedimento por actos propios.

Apuntan los peticionarios que el tribunal de instancia incidió al resolver (1) que la referida estipulación es nula *ab initio et coram non judice;* (2) que la sentencia dictada era nula *ab initio* por razón de que el tribunal perdió su jurisdicción al dictarla; y (3) que no aplicaba la doctrina de impedimento por actos propios.

La controversia que se nos presenta gira exclusivamente alrededor del hecho de la no intervención del Secretario de Trabajo y de la naturaleza de la llamada "Estipulación".

Examinemos, en primer lugar, las leyes que rigen la situación ante nos.

La Sec. 30 de la Ley de Salario Mínimo de 1956 (29 L.P.R.A. sec. 246b), en su apartado (a) dispone que:

"Todo obrero o empleado que por su trabajo reciba compensación inferior a la prescrita en las secs. 245 a 246m de este título o en un decreto mandatorio, orden o reglamento de la Junta de Salario Mínimo o en un convenio colectivo o en un contrato individual de trabajo tendrá derecho a cobrar mediante acción civil la diferencia adeudada hasta cubrir el importe total de la compensación que le corresponda, más una cantidad igual a la que se le haya dejado de satisfacer, por concepto de compensación adicional, además de las costas, gastos, intereses y honorarios de abogado del procedimiento, estos últimos en suma razonable que nunca bajará de cincuenta (50) dólares, sin que para nada de ello obste pacto en contrario."

El Art. 12 de la Ley Núm. 379 de 1948 (29 L.P.R.A. sec. 281), dispone que:

"Por la presente se declara irrenunciable la compensación adicional a base de tipo doble de salario que fijan las secs. 271 a 288 de este título para las horas extras de trabajo.

"Será nula toda cláusula o estipulación en virtud de la cual convenga el empleado en renunciar al pago de la compensación adicional por horas extras que fijan las secs. 271 a 288 de este título."

El Art. 13 de esta ley (29 L.P.R.A. sec. 282), dispone en lo pertinente que:

"Todo empleado que reciba una compensación menor que la fijada en las secs. 271 a 288 de este título para horas regulares y horas extras de trabajo, tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogado del procedimiento.

"... . . . . . . ."

"La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; *Disponiéndose,* que después de iniciada judicialmente la reclamación, ésta podrá ser transigida entre las partes, con la intervención del Secretario de Trabajo y la aprobación de la corte.

"Será nula toda transacción extrajudicial sobre el .pago del salario correspondiente a las horas regulares, a las horas extras de trabajo o sobre el pago de la suma igual a la reclamada que fijan las secs. 271 a 288 de este título por concepto de liquidación de daños y perjuicios; *Disponiéndose, sin embargo,* que será válida a los propósitos de las secs. 271 a 288 de este título toda transacción que se verifique ante el Secretario de Trabajo o cualquiera de los abogados del Departamento de Trabajo, designado por dicho Secretario."

Resulta claro de las referidas disposiciones de la ley, que todo pacto, cláusula, transacción o estipulación en relación con una reclamación de salarios por horas regulares o extras o por suma igual por concepto de compensación adicional o de daños y perjuicios es nulo e ineficaz excepto en dos casos, y en éstos, la transacción es válida y efectiva necesariamente cuando se da fiel cumplimiento a los requisitos que los rigen y gobiernan. Uno de estos casos es la transacción de una reclamación judicial. Para llevar ésta a cabo la ley exige (1) la intervención del Secretario de Trabajo y (2) la aprobación de la transacción por la corte que conoce del caso.

Habiéndose establecido en la Ley Núm. 379 una política pública respecto a las transacciones de reclamaciones de salarios en la forma previamente indicada,—*Lebrón* v. *P.R. Ry., Lt. & P. Co.,* 78 D.P.R. 683, 693 (1955),—concluimos que de acuerdo con lo dispuesto en los Arts. 12 y 13 de la Ley Núm. 379 es nula e ineficaz toda transacción de reclamación judicial de salarios que se lleve a cabo sin la intervención del Secretario de Trabajo aun en el caso en que sea aprobada y se dicte sentencia a base de la misma por el

tribunal que conoce de la reclamación. Por lo tanto, tal sentencia no puede constituir cosa juzgada y está sujeta a ataque colateral y no impide el procesamiento de una segunda reclamación como se ha hecho en este caso.

Nos resta por determinar si la estipulación en este caso es en realidad una transacción y por tanto está sujeta a lo dispuesto en los Arts. 12 y 13 de la Ley Núm. 379 (29 L.P.R.A. secs. 281 y 282), o si, por el contrario, dicha estipulación es la determinación de las sumas de dinero realmente adeudadas por los peticionarios a los interventores como apuntan aquéllos.

■ El Art. 1709 del Código Civil (31 L.P.R.A. sec. 4821), define la transacción como ". . . un contrato por el cual las partes, dando, prometiendo o reteniendo, cada una alguna cosa, evitan la provocación de un pleito o ponen término al que había comenzado." Nos indican los peticionarios que:

". . . Tanto Castán, *Derecho Civil Español, Común y Foral,* (1953), Tomo IV, 7ma. edición, página 706, como Puig Brutau, obra citada, Capítulo XII, página 568, estiman que un rasgo característico de dicho contrato son las concesiones o sacrificios recíprocos entre las partes, aunque dicha reciprocidad no necesariamente implica equivalencia. Manresa, refiriéndose al requisito de que se hagan mutuas concesiones, iguales o desiguales en valor manifiesta que: 'Este segundo requisito esencial, omitido defectuosamente en la definición del Código Napoleón (art. 2.044), quiere expresarle el nuestro con los términos empleados en el presente artículo, al decir que "la transacción es un contrato *por el cual las partes, dando, prometiendo o reteniendo cada una alguna cosa,* evitan la provocación de un pleito o ponen término al que había comenzado." ' Manresa obra citada [Código Civil Español, tomo 12, 2da. ed.], pág. 97."

■ Aunque la llamada "Estipulación" no contiene las expresiones típicas de una transacción, en el fondo lo es. No contiene una expresión consensual de las partes sobre los hechos alrededor de los cuales gira la querella de los inter-

ventores en contra de los peticionarios, tales como, por ejemplo, las horas extras trabajadas por aquéllos semana tras semana, con indicación de la naturaleza del trabajo realizado durante tales horas. Por el contrario, en esta llamada "Estipulación" las partes se pusieron de acuerdo con respecto a ciertas conclusiones que ellas dicen que derivaron de su examen de la prueba con que contaban consistente de libros, nóminas, récords, etc., es decir, que los peticionarios le debían a Julio Núñez $2,000 y a Luis Núñez $1,000, sin indicar detalle alguno que justificase estas conclusiones. Tanto la naturaleza de las cuantías y la discrepancia tan marcada entre éstas y las cuantías reclamadas en la querella, como la ausencia total del detalle de los hechos que justifican y sirven de base a tales conclusiones, nos hace concluir que en realidad en la llamada "Estipulación" las partes se hicieron concesiones mutuas para poner término a un pleito entre ellos y que por lo tanto dicha "Estipulación" no es otra cosa que la transacción común y corriente a que se refiere el Art. 13 de la Ley Núm. 379 de 1948 a que previamente hemos hecho referencia.

■ Los peticionarios invocan, además, la defensa de impedimento por actos propios en el sentido de que los interventores están impedidos de traer la segunda reclamación ya que habían firmado la estipulación, obteniendo sentencia a su favor y también porque se beneficiaron con lo recibido a causa de la sentencia. Señalan, además, que ellos, los peticionarios, descansaron en el "estado de derecho" creado por estos actos de los interventores.

Considerando el resultado a que hemos llegado en la discusión de los errores anteriores, y ante las circunstancias particulares de este caso, carece de mérito este argumento de los peticionarios. *Matías Rodríguez* v. *Adm. Programas Sociales*, 92 D.P.R. 200 (1965) ; *Rasa Eng. Corp.* v. *Daubón*, 86 D.P.R. 193 (1962) ; *Laborde* v. *Eastern Sugar Associates*,

81 D.P.R. 478 (1959); *Pagán* v. *Sucn. Padilla*, 42 D.P.R. 968 (1931).

En vista de lo expuesto, se confirmará la resolución dictada en este caso por el Tribunal Superior, Sala de San Juan, en 14 de enero de 1966, y se devolverá el caso para ulteriores procedimientos no inconsistentes con lo aquí resuelto.