C. Brewer Puerto Rico, Inc., hoy C. Brewer Caribe, Inc., peticionaria, *v.* Tribunal Superior de Puerto Rico, Sala de Humacao, Hon. José Dávila Ortiz y Celestino Velilla Mercado, demandados.

*Número:* O-67-234    *Resuelto:* 24 de mayo de 1968

*McConnell, Valdés, Kelley & Sifre* y *Baltazar Corrada,* abogados de la peticionaria.

Sala Primera integrada por el Juez Asociado Señor Pérez Pimentel como Presidente de Sala y los Jueces Asociados Señores Blanco Lugo, Rigau y Ramírez Bages.

EL JUEZ ASOCIADO SEÑOR BLANCO LUGO emitió la opinión del Tribunal.

En 9 de enero de 1964 Celestino Velilla Mercado incoó una querella contra C. Brewer of Puerto Rico, Inc., en reclamación de horas trabajadas en exceso de la jornada legal durante el período comprendido entre enero de 1954 y diciembre de 1963 y de la suma de diez dólares semanales—sin que se exprese el concepto—desde el 1 de enero de 1957 hasta la fecha de la iniciación de la acción. En su contestación la querellada, entre otras, opuso la excepción de cosa juzgada invocando la sentencia firme dictada por la misma sala en la causa civil CS-63-105, titulada Pedro Acosta Maldonado y otros vs. C. Brewer Puerto Rico, Inc.

En la vista celebrada sobre la defensa especial de cosa juzgada la parte querellada ofreció y se admitieron en evidencia los autos originales de la mencionada causa CS-63-105. Un examen de la parte pertinente de los mismos revela que en 30 de noviembre de 1962 un grupo de empleados de la querellada, entre quienes figura Velilla Mercado, reclamó por diferencias de salarios correspondientes al séptimo día y por cambio de turnos por el período comprendido entre los años 1953 y 1962. En 12 de diciembre de 1963 las partes sometieron a la consideración del tribunal una estipulación, con la aprobación del Secretario del Trabajo, para que se dictara

sentencia a favor de los querellantes por el importe íntegro de las sumas a que tendrían derecho por las horas extras alegadamente trabajadas según las constancias de las nóminas, sin incluir suma adicional alguna por concepto de penalidad. Se convino además que "La aceptación por cada querellante de las cantidades que aparecen en el apéndice de esta estipulación constituirá el más completo relevo a favor de la querellada por cualquier reclamación que tenga o pudiera tener contra la querellada por trabajo realizado para ella o sus antecesores durante los años 1953 a 1962, ambos inclusive, sin perjuicio únicamente de lo acordado en el párrafo 8 de esta estipulación." [1] Se dictó sentencia de conformidad incluyendo un pronunciamiento expreso incorporando la disposición sobre relevo de reclamaciones que cubrieron los años 1953 a 1962. Al transcurrir tres semanas de haberse dictado la sentencia se inició la acción que da margen al presente recurso.

Al resolver la cuestión planteada el tribunal de instancia expresó que la defensa invocada no es aplicable a la acción ejercitada fundándose en que las reclamaciones de salarios están revestidas de interés público y en el precepto que declara la irrenunciabilidad del derecho a reclamar compensación por horas extras. Termina refiriéndose a la doctrina de este Tribunal que niega la procedencia de la excepción de cosa juzgada a las controversias en las cuales hay envueltas consideraciones de orden público. Se recurrió.

Es pertinente aclarar que no nos enfrentamos en esta situación a un supuesto de renuncia de la compensación adicional por trabajo realizado en exceso de la jornada

---

[1] Se refiere a un acuerdo para que la División de Normas del Departamento del Trabajo revisara las nóminas para determinar la corrección del cómputo de las horas extras hecho por la querellada. Para ello se fijó un término de dos años.

legal(²) ni a una transacción de una reclamación originada en el contrato de trabajo.(³) La querellada invoca la sentencia dictada en el pleito anterior no como una renuncia a, (⁴) o como una transacción de la presente reclamación. Todo cuanto opone a las pretensiones del querellante es que éste no puede fraccionar su causa de acción, y que al hacerlo, está sujeto a la defensa de cosa juzgada. Desde *Avellanet* v. *Porto Rican Express Co.*, 64 D.P.R. 693, resuelto en el año 1945, aceptamos la aplicación de esta doctrina a las reclamaciones de salarios.(⁵) No vemos razón o fundamento alguno para variarla. Cualquier perturbación jurídica que su aplicación pudiera ocasionar no causa un resentimiento apreciable en el orden social.

En el caso específico que consideramos no es aventurado afirmar—al examinar el orden cronológico de las actuaciones

---

(²) El Art. 12 de la Ley Núm. 379 de 15 de mayo de 1948, 29 L.P.R.A. sec. 281, declara irrenunciable la compensación adicional para las horas extras de trabajo y la nulidad de toda cláusula o estipulación en virtud de la cual el empleado convenga en renunciar al pago de la compensación adicional por horas extras. Véase *Compañía Popular* v. *Corte*, 63 D.P.R. 121 (1944).

(³) Véase, *Amer. Col. Broad. Corp.* v. *Tribunal Superior*, 94 D.P.R. 283 (1967).

(⁴) Al discutir el precepto general del Art. 4 Código Civil que repudia la renuncia de los derechos concedidos por las leyes cuando son contrarias al interés y el orden público, Manresa dice que son irrenunciables los beneficios concedidos al obrero por la legislación social. Añade: "Pero precisa distinguir la renuncia ilícita en el contrato de trabajo, de la legal originada en un acto posterior, realizado con libertad plena para aceptar o no las sumas debidas [cita], pudiendo el obrero transigir y ceder sus derechos una vez consolidados [citas]." *Comentarios al Código Civil Español* (ed. 1956), vol. I, pág. 179.

(⁵) *Avellanet* v. *Porto Rican Express Co.*, supra, ha prevalecido desde 1945 sin que se haya intentado acción legislativa para dejarlo sin efecto. Cf., entre otros, *Srio. del Trabajo* v. *Tribunal Superior*, 91 D.P.R. 856 (1965) y la Ley Núm. 106 de 6 de junio de 1967 (Leyes, pág. 358); *Cassasús* v. *Escambrón Beach Hotel*, 86 D.P.R. 375 (1962) y la Ley Núm. 103 de 6 de junio de 1967 (Leyes, pág. 352); *Medina Vega* v. *Unión Obreros Cervecería*, 86 D.P.R. 642 (1962) y la Ley Núm. 11 de 26 de abril de 1963 (Leyes, pág. 16); *Valiente & Cía.* v. *Corte*, 68 D.P.R. 40 (1948) y la Ley Núm. 150 de 1 de mayo de 1950 (Leyes, pág. 407).

—que el querellante mientras se encontraba pendiente el primer pleito tenía pleno conocimiento de la existencia de la reclamación en que basa su actual gestión judicial. Prefirió esperar a que se dictara sentencia para luego intentar una nueva reclamación, fraccionando así su causa de acción. Cf. *Feliciano Ruiz* v. *Alfonso Development Corp.*, 96 D.P.R. 108 (1968).

*Se dejará sin efecto la resolución dictada por el Tribunal Superior, Sala de Humacao, en 20 de junio de 1967, y se devolverá el caso para procedimientos ulteriores consistentes con esta opinión.*