Cordero, Juez Ponente
*898 TEXTO COMPLETO DE LA SENTENCIA
Se nos solicita la revisión de una orden dictada por el Tribunal de Primera Instancia, Sala Superior de Bayamón, con fecha de 15 de marzo de 1995, mediante minuta, notificada el 21 de marzo de 1995. En dicha resolución el tribunal de instancia consolidó el caso de salarios, CD94-2834, con el caso de despido injustificado, CM94-965 y se negó a declarar nulo un acuerdo de transacción habido entre el querellado American Security Guards, Inc. y el querellante Francisco Torres. Los peticionarios solicitan mediante recurso de certiorari que se revoque dicha orden del tribunal de instancia, se declare nula la transacción, tomando los $5,000.00 de la transacción como adelanto de lo adeudado y se ordene dictar sentencia en contra de American Security Guards, Inc. en el caso CD94-2834. Por las razones adelante señaladas, procede expedir el auto solicitado.
I
El día 15 de abril de 1994, el Sr. Carlos M. Santos y el Sr. Francisco Torres instaron una querella al amparo del procedimiento sumario establecido por la Ley Núm. 2 de 17 de octubre de 1961, según enmendada, 32 L.P.R.A. see. 3118 et seq. (en adelante Ley Núm. 2), contra American Security Guards Inc. (en adelante American o querellada) y la Compañía de Fianzas de Puerto Rico (en adelante Fianzas) por despido injustificado. Según señalan American y los peticionarios en sus escritos, el 24 de junio de 1994 se emplazó a Fianzas y el 28 de junio de 1994 se emplazó a la American. La parte querellada compareció dentro del término jurisdiccional que establece la Ley Núm. 2 para contestar la querella solicitando prórroga y posteriormente contestó la querella en el caso CM94-965.
El 18 de octubre de 1994 los querellantes presentaron una querella de salarios por concepto de horas extras, período de tomar alimentos y licencia por enfermedad por $24,425.87 más otra suma igual, siendo esta última suma la penalidad establecida en la Ley Núm. 379 de 15 de mayo de 1948, según enmendada, 29 L.P.R.A. see. 282 (en adelante Ley Núm. 379). Esta segunda querella en el caso CD94-2834, también fue instada al amparo de la Ley Núm. 2. American fue notificada de esta segunda reclamación instada el día 29 de noviembre de 1994 y apercibida, en el mandamiento de citación diligenciado, del término jurisdiccional dispuesto en la Ley Núm. 2 para presentar su contestación. Sin embargo, American no contestó la querella ni solicitó prórroga dentro de dicho término.
Por otro lado, habiendo transcurrido el término jurisdiccional para contestar esta segunda querella, la querellada American, realizó gestiones extrajudiciales con el Sr. Francisco Torres (en adelante Don Francisco) para transigir ambas querellas. Con fecha del 30 de diciembre de 1994, American emitió un cheque a favor de Don Francisco por $5,000.00 y éste a su vez firmó un documento donde declaró bajo juramento que había llegado a un acuerdo en cuanto a los casos de despido injustificado y de reclamación de salarios, aceptando como pago final y firme dicho cheque por $5,000.00. Este acuerdo se llevó a cabo sin la intervención del Secretario del Trabajo y Recursos Humanos o cualesquiera de los abogados de dicho Departamento.
El 13 de febrero de 1995, Don Francisco presentó una moción ante el tribunal de instancia, solicitando se dictara sentencia en-el caso de la segunda querella (CD94-2834), por haber transcurrido *899 el término jurisdiccional sin que American contestara o solicitara prórroga y que se declarara nulo el acuerdo de transacción.
El 15 de marzo de 1995 el tribunal de instancia, al reunirse en cámara con los abogados con el propósito de discutir la moción para que se dictara sentencia en el caso CD94-2834, ordenó la consolidación de los casos de salarios y despido injustificado; ordenó además, a la querellada American que contestara la querella; y señaló fecha para una conferencia con antelación al juicio.
Según ordenado por el tribunal de instancia, American presentó su contestación a la querella el 17 de marzo de 1995, o sea, 108 días después de haber sido notificada de la querella instada en su contra. En dicha contestación, en esencia, American alegó que a los querellantes se les había pagado la totalidad del salario, según lo requiere la ley y que en el caso de Francisco Torres la reclamación fue transigida por la cantidad de $5,000.00.
El 5 de abril de 1995, los querellantes presentaron recurso de certiorari, solicitándonos que se revoque la resolución del tribunal de instancia consolidando ambos casos. También solicitan que se dicte sentencia en contra de American en el caso CD94-2834, se declare nula la transacción y se consideren los $5,000.00 como un adelanto de lo adeudado. Mediante Orden con fecha del 28 de abril de 1995, le concedimos un término de diez (10) días a American para mostrar causa, si alguna tuviere, por la cual no debíamos revocar las determinaciones del tribunal de instancia del 15 de marzo de 1995. Sin embargo, American no ha comparecido. Estamos listos para resolver.
II
La See. 3 de la Ley Núm. 2, supra, en lo aquí pertinente dispone:
"El secretario del tribunal notificará a la parte querellada, apercibiéndole que deberá radicar su contestación por escrito, con constancia de haber servido copia de la misma al abogado de la parte querellante o a ésta si hubiere comparecido por derecho propio, dentro de diez (10) días después de la notificación, si ésta se hiciere en el distrito judicial en que se promueve la acción, y dentro de quince (15) días en los demás casos, y apercibiéndole, además, que si así no lo hiciere, se dictará sentencia en su contra, concediendo el remedio solicitado, sin más citarle ni oírle. Solamente a moción de la parte querellada, la cual deberá notificarse al abogado de la parte querellante o a ésta si compareciere por derecho propio, en que se expongan bajo juramento los motivos que para ello tuviere la parte querellada, podrá el juez, si de la faz de la moción encontrara causa justificada, prorrogar el término para contestar. En ningún otro caso tendrá jurisdicción el tribunal para conceder esa prórroga." (Enfasis nuestro.)
Este es un procedimiento especial, de naturaleza sumaria, y por considerar el Estado que cualquier cuestión relacionada con los servicios prestados por un empleado, por su posible efecto sobre el trabajador, está revestida de interés público, tiene ciertas disposiciones que son más favorables al obrero que al patrono, por haber sido la conclusión del estudio legislativo que no existe igualdad de medios económicos entre las partes para una adecuada defensa de sus respectivos derechos, al originarse la reclamación judicial. Landrum Mills Corp. v. Tribunal Superior, 92 D.P.R. 689, 691-692 (1965).
Este procedimiento requiere que salvo circunstancias especiales, una solicitud de prórroga tiene que ser presentada dentro del término inicial que tiene la parte para formular su contestación a la querella. Díaz v. Hotel Miramar Corp., 103 D.P.R. 314, 320 (1975).
Surge del historial de la Ley Núm. 2 que nuestra Asamblea Legislativa tuvo la intención de agilizar aquellos pleitos de reclamaciones de salarios donde el patrono querellado tiene control sobre la información pertinente a la acción instada en su contra y en las cuales, por lo tanto, está en condiciones razonables de defenderse. De esta forma, el proceso sumario es constitucionalmente válido porque, entre otras cosas, el patrono no necesita solicitar del empleado información sobre los salarios pagados ya que dicho patrono, bajo ley, está obligado a mantener en su poder esa información. Dorado Beach Corp. v. Tribunal Superior, 92 D.P.R. 610, 618 (1965).
Nuestro Tribunal Supremo ha insistido en que todos los tribunales tenemos la obligación de darle *900 vigencia al claro mandato legislativo plasmado en la Ley Núm. 2 de diligencia y prontitud en la tramitación judicial de las reclamaciones laborales. Mercado Cintrón v. ZETA Communications, Inc., _ D.P.R. _ (1994), 94 J.T.S. 50, pág. 11777.
Sin embargo, a pesar de haber señalado nuestro más alto foro judicial que se le debe dar cumplimiento estricto a la Ley Núm. 2, también ha reconocido el hecho de que en ocasiones las circunstancias especiales de algún caso en particular requieran alguna flexibilidad en la aplicación de la Ley Núm. 2. De esta forma, en Román Cruz v. Díaz Rifas, 113 D.P.R. 500, 505 (1982) nuestro Honorable Tribunal Supremo se expresó como sigue:

"No hay duda de que nuestra Asamblea Legislativa, preocupada con la lentitud de los trámites judiciales ordinarios, tuvo el propósito de agilizar los procedimientos de reclamaciones de salarios al aprobar la citada Ley Núm. 2 de 17 de octubre de 1961. Ahora bien, las leyes no se interpretan ni se aplican en el vacío. No todos los casos son iguales; un determinado caso puede requerir un tratamiento distinto al que se le haya dado a otro, por más que otros parezcan ser iguales."

Tal caso lo sería por ejemplo, la posibilidad del ejercicio de defensas válidas por parte de un demandado, hecho que los tribunales de instancia deben de tomar en consideración antes de llegar a determinaciones que, por su naturaleza, conllevan consecuencias funestas para esa parte. Id., págs. 506-507.
Por otro lado, el Art. 13 de la Ley Núm. 379 de 1948, según enmendada, 29 L.P.R.A. see. 282, dispone en lo pertinente que:

"Todo empleado que reciba una compensación menor que la fijada en las sees. 271 a 288 de este título para horas regulares y horas extras de trabajo o para el período señalado para tomar los alimentos tendrá derecho a recobrar de su patrono mediante acción civil las cantidades no pagadas, más una suma igual por concepto de liquidación de daños y perjuicios, además de las costas, gastos y honorarios de abogados del procedimiento."

La reclamación judicial podrá establecerla uno o varios empleados por y a nombre suyo o de ellos y de otros empleados que estén en circunstancias similares; disponiéndose que después de iniciada judicialmente la reclamación, ésta podrá ser transigióle entre las partes, con la intervención del Secretario del Trabajo y Recursos Humanos o cualesquiera de los abogados del Departamento del Trabajo y Recursos Humanos, designado por dicho Secretario y la aprobación del tribunal. El Secretario del Trabajo y Recursos Humanos determinará administrativamente cuáles transacciones judiciales o extrajudiciales requerirán su intervención personal, fijando los criterios que regirán a esos efectos mediante reglamento u orden administrativa. Será nula toda transacción extrajudicial sobre el pago del salario correspondiente a las horas regulares, a las horas extras de trabajo, al período señalado para tomar los alimentos o sobre el pago de la suma igual a la reclamada que fijan las sees. 271 a 288 de este título por concepto de liquidación de daños y perjuicios; disponiéndose, sin embargo, que será válida a los propósitos de las sees. 271 a 288 de este título toda transacción que se verifique ante el Secretario del Trabajo y Recursos Humanos o ante cualesquiera de los abogados del Departamento del Trabajo y Recursos Humanos, designado por dicho Secretario.
El Tribunal Supremo ha sostenido que es nula e ineficaz toda transacción de reclamación judicial de salarios que se lleve a cabo sin la intervención del Secretario del Trabajo, aun en el caso en que sea aprobada y se dicte sentencia a base de la misma por el tribunal que conoce de la reclamación. Amer. Col. Broad. Corp. v. Tribunal Superior, 94 D.P.R. 283, 287-289 (1967).
HI
Al aplicar los preceptos antes reseñados a los hechos de este caso, concluimos que el foro a quo no le dio cumplimiento estricto a las disposiciones de la Ley Núm. 2. Primero, el foro a quo prorrogó el término jurisdiccional que dispone la Ley para contestar sin que la parte querellada hubiese presentado previamente una moción de prórroga juramentada. Luego aceptó la contestación a la querella fuera del término y sin tener jurisdicción para ello. En ningún momento la querellada *901 American expresó los motivos que justificaran su dilación ni tampoco el foro de instancia explicó sus razones para aceptar tardíamente la contestación de American a la querella.
De ordinario los tribunales no tienen otra alternativa que no sea la rigurosa aplicación de los términos taxativos de la Ley Núm. 2. Mercado Cintrón v. ZETA Communications, Inc., supra, pág. 11777. Sólo en casos excepcionales, cuando median circunstancias especiales, los tribunales podrán ser más flexibles. Id. El caso de autos no presenta un cuadro de circunstancias especiales que permitan aplicar con flexibilidad los rigurosos términos de la Ley Núm. 2. Id., pág. 11778. Sólo estamos ante una reclamación de salarios sobre la cual la querellada tiene control sobre la información pertinente a la querella instada en su contra y por tanto está en condiciones razonables de responder a la querella expeditamente.
Por otro lado, habiéndose establecido en la Ley Núm. 379 y por nuestro Tribunal Supremo que es nula e ineficaz toda transacción de reclamación judicial de salarios que se lleve a cabo sin la intervención del Secretario del Trabajo, no nos queda más que concluir que el acuerdo de transacción habido entre la querellada American y Don Francisco es nulo e ineficaz.
IV
Por los fundamentos antes expresados, se expide el auto de certiorari. En cuanto al caso de despido injustificado (CM94-965), nada que proveer. En cuanto al caso de salarios (CD94-2834), se revocan las determinaciones del tribunal de instancia del 15 de marzo de 1995. Así revocadas, se ordena la anotación de la rebeldía de American, se tomen los $5,000.00 de la transacción como adelanto de lo adeudado y se proceda a dictar sentencia. Se devuelve el caso al foro de instancia para ulteriores procedimientos conforme con lo antes dispuesto.
Lo acuerda y manda el Tribunal y lo certifica la Secretaria General.
María de la C. González Cruz
Secretaria General