EN EL TRIBUNAL SUPREMO DE PUERTO RICO

| | |
|---|---|
| Marina Costa Azul<br><br>    Peticionaria<br><br>         vs.<br><br>Comisión de Seguridad y<br>Protección Pública Policía<br>de Puerto Rico, Etc.<br><br>         Recurridas | Certiorari<br><br>2007 TSPR 78<br><br>170 DPR _____ |

Número del Caso: CC-2006-242

Fecha: 27 de abril de 2007

Tribunal de Apelaciones:

    Región Judicial de San Juan-Panel IV

Juez Ponente:

    Hon. Luis Roberto Piñero González

Oficina del Procurador General:

    Lcdo. Javier E. Rosario Pérez
    Procurador General Auxiliar

Abogado de la Parte Peticionaria:

    Lcdo. Nasser A. Taha Montalvo

Abogado de Marine World Distributors, Inc.:

    Lcdo. Ricardo E. Carrillo Delgado

Materia: Revisión Administrativa


Este documento constituye un documento oficial del Tribunal Supremo que está sujeto a los cambios y correcciones del proceso de compilación y publicación oficial de las decisiones del Tribunal. Su distribución electrónica se hace como un servicio público a la comunidad.

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marina Costa Azul

    Peticionaria

        vs.                        CC-2006-242      Certiorari

Comisión de Seguridad y
Protección Pública Policía
de Puerto Rico, Etc.

    Recurridas

Opinión del Tribunal emitida por el Juez Asociado señor FUSTER BERLINGERI.

San Juan, Puerto Rico, a 27 de abril de 2007.

Tenemos la ocasión de interpretar y aplicar por primera vez la Ley Núm. 458 de 29 de diciembre de 2000, la cual prohíbe adjudicar subastas o contratos con el gobierno a personas que hayan sido convictas de determinados delitos, 3 L.P.R.A. sec. 928 et seq.

I.

En respuesta a una invitación cursada por la Policía de Puerto Rico, Marina Costa Azul (en adelante Marina o la peticionaria) y Marine World Distributors, Inc. (en adelante Marine World o la recurrida) comparecieron como únicos licitadores a una subasta para la adquisición de embarcaciones de

patrullaje a ser usadas por la Comisión de Seguridad y Protección Pública de la Policía de Puerto Rico.

El 24 de octubre de 2005 Marina cursó a la Junta de Subastas de la Policía de Puerto Rico (en adelante la Junta de Subastas) un escrito titulado "Comentario", en el cual solicitó la descalificación de la oferta presentada por Marine World. Fundamentó su petición en que la lancha ofrecida por su competidor no cumplía con los pliegos de la subasta y en que Marine World estaba impedida de licitar en la subasta debido a que su principal accionista, Ángel Ramallo (en adelante Ramallo), estaba acusado en el foro federal por delitos comprendidos en la Ley Núm. 458 del 29 de diciembre de 2000, según enmendada (en adelante Ley Núm. 458), la cual establece una prohibición de adjudicar subastas o contratos a personas que hayan sido convictas de determinados delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos. La Junta de Subastas denegó la petición de Marina y, el 8 de noviembre de 2005, adjudicó la subasta en cuestión a favor de Marine World.

Enterada Marina de la decisión, el 18 de noviembre de 2005 presentó una "Petición de revisión de adjudicación de subasta formal" ante la Junta de Reconsideración de la Administración de Servicios Generales (en adelante Junta de Reconsideración). Adujo ante esta Junta: que la lancha ofertada por Marine World no cumplía con las especificaciones y requisitos de la subasta; que no obraba en el expediente administrativo evidencia sustancial que sustentara la determinación de la Junta de Subastas; que la

Junta de Subastas mostraba favoritismo hacia Marine World; y que Ramallo, accionista y miembro de la Junta de Directores de Marine World, había sido acusado en el Tribunal Federal para el Distrito de Puerto Rico por delitos comprendidos en la Ley Núm. 458. La Junta de Reconsideración no atendió la petición de Marina dentro del término dispuesto por ley, por lo que se entendió que la misma fue rechazada de plano.

Oportunamente, el 8 de diciembre de 2005, Marina presentó un recurso de revisión de la decisión administrativa ante el Tribunal de Apelaciones, en el cual señaló la comisión de ocho errores. Mediante una sentencia notificada el 14 de febrero de 2006, dicho foro denegó la expedición del recurso de revisión administrativa, y confirmó así la adjudicación de la subasta.

Inconforme con la actuación del foro intermedio, el 14 de marzo de 2006 Marina acudió oportunamente ante nos y señaló la comisión de los siguientes errores:

Primer error:

Erró el Honorable Tribunal de Apelaciones al determinar que MWD, Inc. es un licitador responsable ignorando la política pública al no aplicar e interpretar en forma [correcta] las disposiciones de la Ley Núm. 428 del año 2004, que requieren que personas investigadas en el foro federal o estatal por la comisión de ciertos delitos sometan una declaración jurada a tales efectos, al momento de licitar en una subasta ante una entidad gubernamental.

Segundo error:

Erró el Tribunal de Apelaciones al determinar que la embarcación ofertada por MWD, Inc. cumplía con

todas las especificaciones de los pliegos de subasta, ignorando los incumplimientos señalados por la parte aquí compareciente, no existiendo en el expediente administrativo prueba alguna que sostenga que dicho licitador fue responsivo.

Tercer error:

Erró el Tribunal de Apelaciones al permitir que las partes recurridas, MWD, Inc. y la Policía de Puerto Rico, sometieran en una etapa apelativa documentos y comunicaciones que no formaban parte del expediente administrativo ante la agencia y que no fueron considerados al momento de abrirse los pliegos y adjudicarse la subasta.

El 19 de mayo de 2006 emitimos una resolución mediante la cual le concedimos a la parte recurrida un término para que mostrara causa por la cual no debería expedirse el recurso solicitado, por no haber cumplido ésta con el requisito de someter junto con los pliegos de la subasta una declaración jurada afirmando que un director y accionista de la corporación licitante se encontraba al momento de presentar tal licitación bajo investigación en un procedimiento judicial.

Oportunamente, Marine World y la Comisión de Seguridad y Protección Pública de la Policía de Puerto Rico contestaron la referida orden para mostrar causa.

Pasamos a resolver.

II.

Como se sabe, la revisión judicial de las determinaciones administrativas se limita a determinar si la actuación administrativa fue razonable y sólo cede cuando está presente alguna de las siguientes situaciones:

(1) cuando la decisión no está basada en evidencia sustancial; (2) **cuando el organismo administrativo ha errado en la aplicación de la ley**; y (3) cuando ha mediado una actuación irrazonable o ilegal. Bernal Cruz v. Sagrados Corazones, res. el 16 de enero de 2007, CC-2005-800; Otero v. Toyota, res. el 3 de febrero de 2005, 163 D.P.R. ____ (2005), 2005 TSPR 8, 2005 JTS 13.

En el presente caso, la peticionaria alegó que tanto la agencia administrativa como el Tribunal de Apelaciones erraron al interpretar la Ley Núm. 458. Adujo que como Ramallo, accionista y miembro de la Junta de Directores de Marine World, se encontraba bajo un proceso de investigación en el Tribunal Federal para el Distrito de Puerto Rico por la alegada comisión de delitos comprendidos en la Ley Núm. 458, la compañía tenía la obligación de presentar una declaración jurada en la que hiciera constar ese hecho, como requisito para poder participar de la subasta impugnada.

Por otro lado, la parte recurrida planteó que Marine World no había sido convicta o se había declarado culpable de ninguno de los delitos enumerados en la referida ley, ni se encontraba bajo investigación en procedimiento legislativo, judicial o administrativo alguno. Alegó también que si bien Ramallo había sido acusado en el foro federal, la acusación no era por delitos comprendidos en la Ley Núm. 458, y que éste había renunciado a su cargo en la Junta de Directores de la compañía previo a la celebración de la subasta.

Ambas partes han partido de la premisa de que sólo tiene la obligación de rendir la declaración jurada aquel licitador que haya sido convicto o se haya declarado culpable de cualquiera de los delitos enumerados en la Ley Núm. 458, o que se encuentre bajo investigación en cualquier procedimiento legislativo, judicial o administrativo. Razonaron que si no se da alguna de esas circunstancias, no hay obligación de someter declaración jurada alguna. Se equivocan en su interpretación de la ley. Veamos.

A.

En derecho es claro que el gobierno en Puerto Rico tiene la responsabilidad de velar por el uso y manejo apropiado de los fondos públicos. Se trata de una responsabilidad de arraigo constitucional, en virtud del mandato formulado en la Sec. 9 del Art. VI de nuestra ley fundamental de que *"sólo se dispondrá de los fondos públicos para fines públicos"*. El referido mandato constitucional le impone al estado el deber de velar porque la utilización de los dineros del pueblo esté ligado siempre al bienestar general de todos los ciudadanos. P.P.D. v. Gobernador I, 139 D.P.R. 643 (1995). Como parte de los esfuerzos para cumplir con esta encomienda, a través de los años, se ha establecido una política pública contra la corrupción gubernamental, que se refleja en leyes tales como la Ley de Ética Gubernamental del Estado Libre Asociado de Puerto Rico, Ley Núm. 12 de 24 de julio de

1985, según enmendada (3 L.P.R.A. sec. 1801 *et seq.*); la Ley del Fiscal Especial Independiente, Ley Núm. 2 de 23 de febrero de 1988, según enmendada (3 L.P.R.A. sec. 99h *et seq.*) y; el nuevo Código Penal de Puerto Rico, Ley Núm. 149 de 18 de junio de 2004 (33 L.P.R.A. sec. 4629 *et seq.*), el cual establece *inter alia* que el delito de malversación de fondos públicos no prescribirá. (33 L.P.R.A. sec. 4727).

Es en virtud de la fundamental política pública reseñada brevemente en el párrafo anterior que hemos resuelto también que el procedimiento de subasta pública está revestido del más alto interés público. Empresas Toledo v. Junta, res. el 31 de agosto de 2006, 168 D.P.R. ____ (2005), 2006 TSPR 138, 2006 JTS 147. Su objetivo fundamental es proteger el erario mediante la construcción de obras públicas y la adquisición de servicios de calidad para el gobierno, al mejor precio posible. Justiniano v. E.L.A., 100 D.P.R. 334, 338 (1971). Se evita, además, que haya favoritismo, corrupción, dispendio, prevaricación, extravagancia y descuido al otorgarse los contratos y al gastar los dineros del pueblo. A.E.E. v. Maxon, res. el 9 de diciembre de 2004, 163 D.P.R. ____ (2004), 2004 TSPR 197, 2004 JTS 199; Cancel v. Municipio de San Juan, 101 D.P.R. 296, 300 (1973).

B.

Por otro lado, consciente de que el mal de la corrupción no es exclusivo del sector gubernamental, la política pública en contra de la corrupción se ha extendido al ámbito de la contratación gubernamental. La Legislatura

entendió que la comisión de delitos relacionados a fraude, mal uso o apropiación ilegal de fondos públicos por parte de contratistas privados en sus relaciones contractuales con agencias, dependencias e instrumentalidades gubernamentales es una modalidad constitutiva de corrupción y que los mismos, a pesar de ser penalizados por diversas leyes especiales y por el Código Penal de Puerto Rico, debían ser, además, causa de rescisión de contratos e impedimento legal para el otorgamiento de contratos futuros.[1] A tales efectos, aprobó la Ley Núm. 458, la cual establece una prohibición de adjudicar subastas o contratos a personas que hayan sido convictas de delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos. Dicha prohibición aplica por un término de veinte años, a partir de la convicción correspondiente en casos por delito grave, y ocho años en casos por delito menos grave. 3 L.P.R.A. sec. 928d. Específicamente, la ley establece:

> Se dispone que ningún jefe de agencia gubernamental o instrumentalidad del Gobierno, corporación pública, municipio, o de la Rama Legislativa o Rama Judicial adjudicará subasta o contrato alguno para la realización de servicios o la venta o entrega de bienes a persona natural o jurídica que haya sido convicta o se haya declarado culpable en el foro estatal o federal, en cualquiera otra jurisdicción de los Estados Unidos de América o en cualquier otro país, de aquellos delitos constitutivos de fraude, malversación o apropiación ilegal de fondos públicos enumerados en la sec. 928b de este título. (3 L.P.R.A. sec. 928).

---

[1] Véase, *Exposición de Motivos*, Ley Núm. 458 de 29 de diciembre de 2000, Leyes de Puerto Rico, a la pág. 3100.

Para evitar la contratación con dichas personas, el Art. 7 de la referida ley disponía originalmente que el Tribunal de Primera Instancia debía notificar al Secretario de Justicia de toda convicción recaída por los delitos enumerados en la ley y que este último debía entonces preparar y mantener un registro de estas personas, las cuales no podrían participar de subastas o contratos con el gobierno. Art. 7, Ley Núm. 458 de 29 de diciembre de 2000, Leyes de Puerto Rico, a la pág. 3103. Posteriormente, un análisis de dicha disposición reflejó las siguientes fallas:

> primero, no exist[ía] forma alguna de establecer un procedimiento que oblig[ara] a los tribunales federales y a los de otras jurisdicciones de los Estados Unidos a notificar las sentencias que se dict[aran] en sus respectivas jurisdicciones, lo que limita[ba] el banco de información que [tenía] el gobierno al momento de adjudicar subastas o contratos; segundo, todo el peso de la corroboración del expediente criminal de la persona natural o jurídica reca[ía] sobre el jefe de la agencia o instrumentalidad del gobierno, corporación pública o municipio, aun cuando esa información muchas veces [era] inaccesible; y tercero, no toma[ba] en consideración antecedentes penales en otros países. Además, siempre exist[ía] el riesgo de contratar inadvertidamente con personas naturales o jurídicas que resulta[ran] tener vinculación legal directa o indirecta con otra convicta previamente, burlando la intención gubernamental de contratar sólo con personas o corporaciones de probada y manifiesta honestidad. Véase, Exposición de Motivos, Ley Núm. 428 de 22 de septiembre de 2004, Leyes de Puerto Rico, a la pág. 2918.

A los efectos de subsanar dichas deficiencias, la Asamblea Legislativa enmendó la Ley Núm. 458 a través de la aprobación de la Ley Núm. 428 de 22 de septiembre de 2004 (en adelante Ley Núm. 428). En virtud de dicha ley se

estableció la obligación de someter una declaración jurada mediante la cual el licitador o la persona que interese contratar con el gobierno ha de informar si ella ha sido convicta o se ha declarado culpable de cualquier delito de los enumerados en la Ley Núm. 458, o si se encuentra bajo investigación en cualquier procedimiento legislativo, judicial o administrativo. Nótese que la ley referida no obliga a que la entidad licitadora, en caso de que sea una persona jurídica, exprese si alguno de sus oficiales se encuentra en alguna de estas circunstancias. Accumail de Puerto Rico v. Junta de Subastas, CC-2006-497 y CC-2006-500 res. el 12 de abril de 2007. El propósito de dicha declaración jurada es conocer de antemano cualquier conducta previa que haya sido inadecuada en cuanto al uso y manejo de fondos públicos. Si de la misma surge una convicción o declaración de culpabilidad por cualquiera de los delitos enumerados en el Art. 7 de la Ley Núm. 458, se aplicará la prohibición que dicha ley dispone para la contratación, subcontratación o adjudicación de subastas.[2] De esta manera se previenen conductas y actos que puedan perjudicar la integridad de nuestro sistema de gobierno. Cumplir con esta obligación de someter una declaración jurada es un **requisito indispensable** para poder participar en la adjudicación de una subasta o para el otorgamiento de

---

[2] Véase, *Memorial Explicativo de la Oficina de Servicios Legislativos*, E.R. Rodríguez Fuentes (P. del S. 2330).

Si surge que la persona se encuentra bajo investigación, ello establece la necesidad de ejercer la cautela necesaria para no favorecer a uno que puede resultar ser incapaz de contratar o licitar.

CC-2006-242                    11

un contrato con cualquier agencia o instrumentalidad gubernamental, corporación pública o municipio. Toda vez que la controversia en este caso gira en torno a esta disposición de la ley, la transcribimos a continuación.

> El Tribunal de Primera Instancia notificará al Secretario de Justicia de toda convicción que recaiga por los delitos enumerados en la sec. 928b de este título. El Secretario de Justicia establecerá y mantendrá un registro de personas naturales y jurídicas convictas o que se hayan declarado culpable de dichos delitos.
>
> Además, **toda persona natural o jurídica que desee participar de la adjudicación de una subasta o el otorgamiento de contrato** alguno con cualquier agencia o instrumentalidad gubernamental, corporación pública o municipio para la realización de servicios o la venta o entrega de bienes, **someterá una declaración jurada ante notario público donde informará si ha sido convicta o se ha declarado culpable** de cualquiera de los delitos enumerados en la sec. 928b de este título, **o si se encuentra bajo investigación en cualquier procedimiento legislativo, judicial o administrativo**, ya sea en Puerto Rico, Estados Unidos de América o cualquier otro país, para poder participar en la adjudicación u otorgamiento de cualquier subasta o contrato, respectivamente. <u>**Si la información fuere en la afirmativa**</u>, deberá especificar los delitos por los cuales fue hallado culpable o hizo la alegación de culpabilidad. 3 L.P.R.A. sec. 928f. (Énfasis suplido).

Cuando el lenguaje de una ley es claro, no se debe menospreciar su letra. <u>Mun. San Juan v. Banco. Gub. Fom.</u>, 140 D.P.R. 873 (1996).[3] Al examinar el lenguaje del Art. 7 de la Ley Núm. 458, es claro que éste contiene términos imperativos y mandatarios. Establece que **"toda persona** que

---

[3] "Siempre el lenguaje empleado es decisivo. Si se usan términos permisivos, como 'podrá', se concede discreción, pero si se usan términos imperativos o mandatarios como 'deberá', se impone un deber ministerial". R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, *supra* a la pág. 267 (citas internas omitidas).

desee participar en una subasta o contrato con el gobierno, **someterá** una declaración jurada". El tribunal *a quo*, resolvió que sólo aquellas personas que contestaran en la afirmativa, por haber sido convictas, haberse declarado culpable o estar bajo investigación por alguno de los delitos contenidos en la Ley Núm. 458, debían someter la declaración jurada referida. Erró el Tribunal de Apelaciones al decidir así.

Según se mencionara antes, la Ley Núm. 458 se creó con el propósito de prohibir que las personas que hayan sido convictas o que se hayan declarado culpables de los delitos enumerados en dicha ley puedan participar de contratos y subastas con el gobierno. Según la interpretación ofrecida por ambas partes y acogida por el Tribunal de Apelaciones, sólo estarían obligados a someter declaraciones juradas precisamente aquellas personas no aptas para contratar o licitar, por haber sido convictas, declaradas culpables o estar bajo investigación por la comisión de los delitos estatuidos en la ley. Interpretar el Art. 7 de la Ley Núm. 458 de esta manera ocasionaría el absurdo de que, en lo pertinente aquí, solamente estarían sometiendo declaraciones juradas, como requisito para participar en subastas y contratos con el gobierno, precisamente aquellas personas a quienes les está vedado participar en dichas subastas y contratos por disposición expresa de la propia ley, y quienes con toda probabilidad no intentarían participar. No puede interpretarse una ley en un sentido

tal que resulten cosas inútiles y vanas. Celis Alquier v. Méndez, 18 D.P.R. 88 (1912).

Es importante destacar, además, que la última oración del Art. 7 de la Ley Núm. 458 dispone qué se debe hacer en la eventualidad de que la información en la declaración jurada sea en la afirmativa. De ello se desprende también que la obligación de someter la declaración jurada no depende de que la respuesta sea en la afirmativa o en la negativa, pues la ley especifica y dispone qué se hará en el caso de que la información sea en la afirmativa. Una vez más, la interpretación de la ley propuesta por las partes haría redundante la última oración del Art. 7. De ser correcta tal interpretación, la ley dispondría qué hacer en la eventualidad de que la información sea en la afirmativa, cuando ésa sería la única eventualidad posible. Dicha interpretación obviamente no puede prevalecer. Al interpretar una ley, hay que atribuirle siempre el sentido que mejor responda al logro del resultado que por ella se quiere obtener, y no aquél que, además de ser contrario a ella, conduzca a un resultado ilógico o irrazonable. Debe rechazarse la interpretación estatutaria que conduce al absurdo. R.E. Bernier y J.A. Cuevas Segarra, *Aprobación e interpretación de las leyes en Puerto Rico*, *supra* a la pág. 242; Op. Sec. Just. Núm. 31 de 1988; Díaz Marín v. Mun. de San Juan, 117 D.P.R. 334 (1986).

El hecho de que la información referente a si la persona ha sido convicta, se ha declarado culpable o se encuentra bajo investigación, se requiera mediante una

declaración jurada ante notario público pretende disuadir a las personas de someter información falsa. Al requerir la información mediante una declaración jurada, todo aquel que mienta quedará expuesto a una convicción por el delito de perjurio. De esta manera se avanza hacia el fin procurado por el legislador de poder identificar las personas deshonestas y de poca integridad, para evitar contratar con ellas.[4]

**En fin, la Ley Núm. 458 impone a <u>toda persona</u> que interese otorgar un contrato o participar de la adjudicación de una subasta con el gobierno, la obligación afirmativa de informar, a través de una declaración jurada ante notario público, si ha sido convicta o se ha declarado culpable de cualquiera de los delitos enumerados en la referida ley, o si se encuentra bajo investigación en cualquier procedimiento legislativo, judicial o administrativo. Este requisito aplica independientemente de que la información sea en la afirmativa o en la negativa. Si la información fuere en la afirmativa, deberá especificar los delitos por los cuales fue hallado culpable o hizo alegación de culpabilidad.**

## III.

En el caso de autos **<u>ninguno de los dos licitadores produjo la declaración jurada en cuestión.</u>** Habiendo establecido que someter dicha declaración era un requisito

---

[4] Véase, *Memorial Explicativo de la Oficina de Servicios Legislativos*, *supra*.

indispensable para poder participar en una subasta pública, ninguno de los licitadores del caso de autos era apto para participar en la que aquí nos concierne.

Los actos realizados en contra de lo dispuesto en la ley son nulos, excepto que la propia ley ordene su validez. 31 L.P.R.A. sec. 3. Dicha nulidad es absoluta y se produce automáticamente. Amer. Col. Broad. Corp. v. Tribunal Superior, 94 D.P.R. 283 (1967). Por consiguiente, procede que declaramos nula la adjudicación de la subasta en el presente caso.

> Los tribunales del país tienen el deber de examinar con cuidado casos como el de autos en los cuales puede, además, estar adversamente afectado el erario y menoscabado el esquema de ley que persigue asegurar la integridad de las subastas públicas. Particularmente en estos tiempos aciagos, cuando la colectividad vive justamente alarmada por el manejo indebido de los fondos públicos, le corresponde a la Rama Judicial velar por el fiel cumplimiento de la ley. Cotto v. Depto. de Educación, 138 D.P.R. 658 (1995).

Por los fundamentos expuestos, se dictará sentencia para expedir el auto solicitado, declarar nula la adjudicación de la subasta impugnada y revocar la sentencia dictada por el Tribunal de Apelaciones.

Se devolverá el caso a la Policía de Puerto Rico para que disponga la celebración de otra subasta como la de autos, si es que todavía le interesa el asunto.

JAIME B. FUSTER BERLINGERI
JUEZ ASOCIADO

EN EL TRIBUNAL SUPREMO DE PUERTO RICO


Marina Costa Azul

   Peticionaria


     vs.                CC-2006-242     Certiorari


Comisión de Seguridad y
Protección Pública Policía
de Puerto Rico, Etc.

   Recurridas


SENTENCIA


San Juan, Puerto Rico, a 27 de abril de 2007.


Por los fundamentos expuestos en la Opinión que antecede, la cual se hace formar parte de la presente Sentencia, se expide el auto solicitado, se declara nula la adjudicación de la subasta impugnada y se revoca la sentencia dictada por el Tribunal de Apelaciones, Región Judicial de San Juan.

Se devuelve el caso a la Policía de Puerto Rico para que disponga la celebración de otra subasta como la de autos, si es que todavía le interesa el asunto.

Lo pronunció, manda el Tribunal y certifica la Secretaria del Tribunal Supremo. El Juez Asociado señor Rebollo López disiente con opinión escrita.


Aida Ileana Oquendo Graulau
Secretaria del Tribunal Supremo

EN EL TRIBUNAL SUPREMO DE PUERTO RICO

Marina Costa Azul

    Peticionaria

       vs.                    CC-2006-242      CERTIORARI

Comisión de Seguridad y
Protección Pública, Policía
Puerto Rico

    Recurridas

OPINIÓN DISIDENTE EMITIDA POR EL JUEZ ASOCIADO REBOLLO LÓPEZ

San Juan, Puerto Rico, a 27 de abril de 2007

Unas muy breves expresiones en disenso de la decisión que hoy emite en el presente caso una mayoría de los integrantes del Tribunal. Lamentablemente --y debido al exceso de trabajo que limita el tiempo que tenemos para protestar y fiscalizar, decisiones de esta naturaleza-- nos vemos impedidos, de momento, de emitir un disenso más fundamentado y específico.

I

Las normas que, mediante sus decisiones, establece este Tribunal en nuestra jurisdicción no sólo tienen que ser correctas en derecho sino que las mismas tienen que ser el producto del

sentido común y buen juicio que se supone posean y ejerciten los integrantes de este Tribunal en el descargo responsable de sus obligaciones.

La norma hoy establecida --sobretodo, en la forma y manera en que la misma es implantada-- denota, a nuestro juicio, una total ausencia de noción, de parte del Tribunal, del daño irreparable, caos y desasosiego que la misma causará en la esfera de la administración pública en nuestra jurisdicción.

En fin, la decisión mayoritaria emitida resulta violatoria de las más elementales normas de prudencia y cautela que todos los integrantes de este Tribunal venimos en la obligación de observar. No podemos olvidar nunca que todas nuestras decisiones inciden en, y afectan, el bienestar general de los ciudadanos de este País.

FRANCISCO REBOLLO LÓPEZ
Juez Asociado